Mr. Chief Justice Sharkey
delivered the opinion of the court.
Amongst the numerous points, raised in the argument of this case, there are only two which are fairly presented for consideration.
First, was it error to give judgment against Stevens, who was *525 not served with process, except by service on his agent, although he appeared and pleaded to the merits? And secondly, did the court err in sustaining the demurrer to the third cause of challenge to the array? There certainly is nothing in the decision on the pleas in abatement, which can be considered as error; and as regards the other causes of challenge to the array, the plaintiff’s demurrer was overruled, and issue táken, and the defendants failed to prove the causes of challenge. They took no exception to the decision of the court on the issue, nor have they shown the testimony offered.
It is true, the plaintiff excepted to the admission of certain testimony; but this cannot avail the defendants. If they were dissatisfied with the decision of the court, they should have embodied all the evidence in a bill of exceptions, but not having done so, we have no means of knowing whether the court decided correctly or not.
The writ was served on John Henderson as agent of Stevens, and although the service was hot good, yet Stevens appeared and pleaded to the merits, which was a waiver of the defect in the service. A party who means to avail himself of a defect in the writ, or the service, must do it by motion or plea in an early stage of the proceeding, and cannot, after pleading to the merits, take advantage of such defect. 1 Tidd’s Prac. 101; 2 Pick. Rep. 592. Although the party appeared by attorney, yet the. appearance was good. We cannot question the authority of an attorney of the court, and especially when it is not even now objected to by Stevens, but by his partner.
The court properly sustained the demurrer to the third cause of challenge. The law requires that a list of the names of the persons returned'by the assessor, shall be set down by the clerk in a book to be kept by him for that purpose, and also set down by him on separate slips of paper, and put into the box marked No. 1; and that a sufficient number shall be drawn therefrom.
There is -no violation of law charged in the third cause of challenge, because it does not aver that the names of the persons summoned were not taken from a list returned as the law directs. It is averred, “ that at the time the persons summoned on the origi *526 nal venire, to serve as jurors at the present term, were drawn, there was not among the records or papers of said court, or in the books thereof, any list of persons so taken and returned by the assessor as aforesaid, or any copy of such list, Sic.”
The law requires that when the list is returned, the names shall be set down on separate slips of paper, and put into the box; but the drawing does not take place until the silting of court. There is no failure to return a list alleged, or that the clerk failed to deposit the names in the box; and that there was no list in the records of the court at the time of drawing the names from the box would not, of itself, be good ground of challenge, when it is manifest the names must have been taken from the list, and deposited in the box, as the law requires.
The judgment must be affirmed.
Smith, J. gave no opinion.